**JEONG & LIKENS, L.C.**
C. Yong Jeong, Esq. (SBN 255244)
Email: jeong@jeonglikens.com
Regina Zernay (SBN 318228)
Email: regina.zernay@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel: 213-688-2001
Fax: 213-688-2002

Attorney for Plaintiff JITRADE, INC.

**Gary A Laff Law Offices**
Gary Asher Laff
3435 Wilshire Boulevard Suite 2160
Los Angeles, CA 90010
Tel: 213-380-3808
Fax: 213-380-1963
Email: garyalaff@yahoo.com

Attorney for Defendants
THE CASA LEE APPAREL, INC. d/b/a CASA LEE and
SEUNG HWAN LEE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JITRADE, INC. a California Corporation,<br><br>Plaintiff,<br>v.<br><br>TK CLOTHING, INC., a California corporation d/b/a BELLISSIMA and Bubble B; SILVINA LEE, an Individual; SCOTT S. PARK, an Individual; THE CASA LEE APPAREL, INC. d/b/a CASA LEE, a California corporation; SEUNG HWAN LEE, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:17-cv-00068-JFW-PLA<br><br>**JOINT REPORT PURSUANT TO FRCP RULE 26(f) AND LOCAL RULE 26-1**<br><br>Judge:       Hon. John F. Walter<br>Location:   350 W. 1st Street<br>Courtroom: 7A<br>Date:         April 23, 2018<br>Time:        1:15 p.m. |

**1**
**JOINT REPORT PURSUANT TO FRCP RULE 26(f) AND LOCAL RULE 26-1**

By and through their attorneys of record, the parties hereby submit this Rule 26(f) Joint Scheduling Report following the conference of counsel required by Rule 26(f) of the Federal Rules of Civil Procedure, Central District Local Rule 26-1, and this Court's Order setting a Scheduling Conference.

1.   **SUBJECT MATTER JURISDICTION**

This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.* Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

Plaintiff JITRADE, INC. ("Plaintiff") filed the instant action on February 21, 2018.

The Court granted Plaintiff's Motion for Default Judgment against Defendants TK CLOTHING, INC. d/b/a BELLISSIMA and Bubble B ("TK"); SILVINA LEE ("SILVINA"); SCOTT S. PARK ("PARK").

Defendants THE CASA LEE APPAREL, INC. d/b/a CASA ("CASA LEE") and SEUNG HWAN LEE ("LEE"), filed their answers and affirmative Defenses on April 2, 2018.

2.   **CHRONOLOGY OF FACTS AND FACTS IN DISPUTE**

   A. **Plaintiff's Contentions.**

Plaintiff's design "SND1507_27B" is copyrighted under Registration No. VA 1-992-628 effective as October 25, 2015 ("Subject Design"). Plaintiff alleges that the named Defendants have, without proper authorization, copied, purchased, marketed, and/or sold among each other and to the general public as customers clothes bearing a design owned and registered by Plaintiff with the U.S. Copyright Office.

   B. **Defendants' Contentions.**

Defendants deny Plaintiff's allegations.

**2**
**JOINT REPORT PURSUANT TO FRCP RULE 26(f) AND LOCAL RULE 26-1**

3. **STATEMENT OF DISPUTED POINTS OF LAW**

To Plaintiff, The key legal issue is whether defendants have infringed, directly or indirectly, Plaintiff's copyright (Reg. No. VA 1-992-628), and whether damages are awardable to Plaintiff.

Defendants dispute Plaintiff's allegations. Defendant CASA LEE and LEE deny that it has violated any of Plaintiff's claimed intellectual property rights. CASA LEE and LEE maintain that the Subject Design is not entitled to copyright protection, but alternatively, even if it were, that it is not infringing upon Plaintiff's claimed rights.

The parties do not anticipate any unusual substantive, procedural or evidentiary issues.

4. **PRIOR, PENDING AND ANTICIPATED MOTIONS**

Plaintiff anticipates filing a Motion for Summary Judgment on at least the issue of no substantial similarity between the copyrighted design and the design on garments alleged to be infringing as well as the other issues stated above in Section 2.A.

Defendants anticipate file a Motion for Summary Judgment as to the ownership of the Subject Design and the validity of the Certificate of Registration for the Subject Design.

The proposed cutoff dates by which all such motions shall be made is set forth below in Section 11.

No motions are currently pending.

5. **ANTICIPATED CHANGES TO PLEADINGS AND PARTIES**

Plaintiff does not anticipate that additional parties will be added to the case; however, should discovery reveal that any other offending fabric and/or garments related to the infringements at issue in this case were either manufactured or sold

by other parties within the jurisdiction of this court, Plaintiff will promptly seek to amend the Complaint to add said parties. A proposed deadline for amending the pleadings is set forth below in Section 11.

**6.      INITIAL DISCLOSURE COMPLIANCE**

The parties have agreed to serve their Initial Disclosures no later than April 16, 2018.

**7.      DISCOVERY**

No discovery has been propounded by either party at this time.

In accordance with Rule 26(a)(1)(C), the parties agree to serve their initial disclosures by than April 16, 2018.  The parties do not believe that any changes in the disclosures under Rule 26(a)(1) should be made.  The parties do not believe that discovery should be conducted in phases, or otherwise be limited.  The parties believe that the Federal Rules of Civil Procedure should apply with respect to the limitations and procedures for written discovery, fact depositions, and expert depositions.

The anticipated deponents include the parties, the timing of which has yet to be decided. The parties anticipate written discovery requests, including requests for admission, document requests, and interrogatories pertaining to: the facts and circumstances surrounding the copyright application, registration, and commercial use of the Subject Design and the prosecution and enforcement thereof; the alleged harm Plaintiff suffered as a result of Defendants' alleged wrongful conduct; and the advertisement, sale, offering for sale, and purchase of the infringing garment. A proposed schedule for completion of all discovery is set forth below in Section 11.

The parties do anticipate this case will involve the discovery of confidential commercial information and therefore intend to seek a Protective Order to address

**4**
**JOINT REPORT PURSUANT TO FRCP RULE 26(f) AND LOCAL RULE 26-1**

the parties' respective claims of confidentiality and trade secrets with respect to documents and information that they anticipate will be sought by way of discovery.

The parties agree that service of discovery and discovery responses and document productions shall be effectuated by email to counsel for the parties.

**8.   RELATED CASES**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**9.   RELIEF SOUGHT**

Plaintiff cannot state a specific damage amount at this time as it has not yet obtained Defendants' documents showing the quantity of products produced, marketed, and sold by Defendants, and the amount of profits and costs that were incurred. After finishing discovery, Plaintiff will seek general/special damages, including disgorgement of profits based upon Defendants' sales records, market damages, and/or statutory damages, as well as other damages the Court may deem proper such as litigation costs, punitive damages, and permanent injunction.

**10.   STATUS OF CERTIFICATION OF INTERESTED PARTIES**

Plaintiff and Defendants CASA LEE and LEE have filed their Certification of Interested Parties disclosing the following entities:

1. JITRADE, INC. (Plaintiff);
2. THE CASA LEE APPAREL, INC. d/b/a CASA LEE (Defendant);
3. SEUNG HWAN LEE (Defendant).

**11.   PROPOSED TIMETABLE**

Late Date to Amend Pleadings: November 26, 2018

Discovery Cut-off:   November 5, 2018

| | | |
|---|---|---|
| Motion Hearing Cut-off: | January 28, 2019 |
| Final Pretrial Conference: | May 6, 2019 |
| Trial Date: | May 27, 2019 |

//

## 12. TRIAL ESTIMATE

The parties request a jury trial and estimate a trial of no more than 4 days. Plaintiff anticipates calling 3-4 witnesses.

## 13. SETTLEMENT/ADR

Plaintiff intends to settle this matter once Plaintiff has obtained Defendants' documents showing the quantity of products produced, marketed, and sold by Defendants, and the amount of profits and costs that were incurred. To the extent that a settlement is not reached, the parties are amenable to ADR Procedure #2— the parties shall appear before a neutral selected from the Court's Mediation Panel. The parties agree that mediation in this case shall be completed no later than 45 days prior to the final pretrial conference, consistent with Civil L.R. 16-12.5.

## 14. MANUAL FOR COMPLEX LITIGATION

The parties do not believe that the Manual for Complex Litigation should be utilized in this case.

## 15. DISPOSITIVE MOTIONS

Plaintiff anticipates filing a Motion for Summary Judgment on the issue of the liability of Defendants for copyright infringement, given that (a) Plaintiff owns a valid copyright in the Subject Design, and (b) Defendants were found to be producing, manufacturing, distributing, and/or offering for sale garments that bore a design virtually identical to Plaintiff's copyrighted design.

Defendants anticipate filing a Motion for Summary Judgment on at least the issue of no substantial similarity between the copyrighted design and the design on garments alleged to be infringing as well as the other issues stated above in Section 2.B.

**16. UNUSUAL LEGAL ISSUES PRESENTED**

The parties do not anticipate any unusual substantive, procedural, or evidentiary issues.

**17. OTHER ISSUES**

The parties do not anticipate severance, bifurcation, or other ordering of proof.

Dated: April 9, 2018      By:    /s/ *C. Yong Jeong*
C. Yong Jeong, Esq.
Attorney for Plaintiff
JITRADE, INC.

Dated: April 9, 2018      By:    /s/ *Gary Asher Laff*
Gary Asher Laff
Attorneys for Defendants
THE CASA LEE APPAREL, INC. d/b/a CASA LEE and SEUNG HWAN LEE